Filed 10/25/22  Haywood v. RTED America CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HARRIETT E. HAYWOOD, Plaintiff and Appellant, v. RTED AMERICA, LLC, Defendant and Respondent. | B310717 (Los Angeles County Super. Ct. No. YC072035) |

APPEAL from an order of the Superior Court of Los Angeles County, Deirdre H. Hill Judge.  Affirmed.

Harriett E. Haywood, in pro. per. For Plaintiff and Appellant.

Burke, Williams & Sorensen, Richard J. Reynolds and Keiko J. Kojima for Defendant and Respondent.

_____

Plaintiff and appellant Harriett E. Haywood, in pro. per., appeals from an order denying her motion for equitable relief from a judgment entered in favor of defendant and respondent RTED America, LLC. On appeal, Haywood contends that she sufficiently alleged the judgment was obtained through fraud and the trial court abused its discretion in denying her motion. We conclude Haywood's contentions are based on allegations of fraud in her underlying complaint, rather than allegations of fraud or mistake that prevented her from a fair adversary hearing, and therefore, no abuse of the trial court's discretion has been shown. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 5, 2017, Haywood, through counsel, filed a complaint against RTED and Special Default Services, Inc. (SDS). SDS brought a motion for summary judgment, which the trial court granted on November 6, 2018.

On November 13, 2018, Haywood filed an amended complaint against RTED and SDS for promissory estoppel, negligence, unfair business practices, and misrepresentation arising out of loan modification discussions. The following month, the trial court granted a motion by Haywood's counsel to be relieved as counsel.

In January 2019, RTED and SDS filed a demurrer. Based on the previously granted motion for summary judgment, the trial court entered judgment in favor of SDS and against Haywood on May 20, 2019. A hearing was held on the demurrer on May 29, 2019. The trial court sustained the demurrer without leave to amend. The trial court noted that judgment had already

2

been entered in favor of SDS. On May 31, 2019, the court entered a written order dismissing Haywood's complaint against RTED.

On January 27, 2020, Haywood filed a motion for relief from judgment on the ground of intrinsic fraud. The motion is not part of the record on appeal. In February 2020, the trial court denied the motion as untimely, because Haywood had not shown intrinsic fraud.

On October 26, 2020, Haywood, in pro. per., filed a motion for equitable relief from judgment in favor of RTED on the ground of fraud. Haywood stated that the amended complaint was filed on her behalf without her review or full knowledge of the allegations contained in the complaint against RTED. After her complaint was dismissed in its entirety in May 2019, she began to research documents recorded on her property that led to wrongful foreclosure. Emotional distress and the coronavirus pandemic delayed her from filing her motion earlier. Haywood provided the affidavit of an expert witness explaining defects in the chain of title and foreclosure documents, which would be relevant to the merits in the underlying case. Although the motion states that the defendants obtained judgment by fraud, there is no allegation of any misrepresentation or fraudulent conduct by RTED that resulted in judgment being taken against Haywood. All of the allegations of fraud are related to the merits of her underlying claims for fraud and wrongful foreclosure. RTED opposed the motion.

A hearing was held on the motion for equitable relief from the judgment on November 18, 2020. The trial court found that Haywood had presented no facts or supporting evidence showing extrinsic fraud depriving her of a fair adversary hearing. The

3

court noted that Haywood had made the same or similar arguments in her prior motion for relief on the basis of fraud. The court entered a written order denying the motion. Haywood filed a timely notice of appeal.

## DISCUSSION

Haywood contends that the trial court abused its discretion by refusing to grant her equitable relief from the judgment, because RTED obtained the judgment by fraud. We conclude that no abuse of discretion has been shown, as Haywood has not alleged any fraud in the proceedings of the type that could support equitable relief.

A motion to vacate a judgment that is filed more than six months after the entry of judgment is not governed by statute, but instead by the court's inherent equitable power to grant relief from a judgment procured through extrinsic fraud or mistake. (*Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 314 (*Gibble*).)

" 'The court may grant relief under its inherent equity power if, because of the fraud of his opponent, the aggrieved party was prevented from presenting his claim or defense to the court. [Citations.] "Two essential conditions are found in a classic case in equity which seeks to set aside a judgment: first, the judgment is one entered against a party by default under circumstances which prevented him from presenting his case; second, these circumstances result from extrinsic fraud practiced by the other party or his attorney." [Citation.] The vital question is "whether the successful party has by inequitable conduct, either direct or insidious in nature, lulled the other party into a

4

state of false security, thus causing the latter to refrain from appearing in court or asserting legal rights." [Citation.] A party who seeks to have his default vacated under the court's equity power must make a stronger showing than is necessary to obtain relief under [Code of Civil Procedure,] section 473. [Citation.] "[D]uring the period when relief under section 473 is available, there is a strong public policy in favor of granting relief and allowing the requesting party his or her day in court. Beyond this period there is a strong public policy in favor of the finality of judgments and only in exceptional circumstances should relief be granted." ' (*Aheroni v. Maxwell* [(1988)] 205 Cal.App.3d [284,] 291–292.)" (*Gibble, supra*, 67 Cal.App.4th at pp. 314–315.)

" 'Extrinsic fraud occurs when a party is deprived of his opportunity to present his claim or defense to the court, where he was kept in ignorance or in some other manner fraudulently prevented from fully participating in the proceeding. [Citation.] Examples of extrinsic fraud are: concealment of the existence of a community property asset, failure to give notice of the action to the other party, convincing the other party not to obtain counsel because the matter will not proceed (and it does proceed). [Citation.]' [Citation.] On the other hand, 'Fraud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary, but has unreasonably neglected to do so. [Citation.] Such a claim of fraud goes to the merits of the prior proceeding which the moving party should have guarded against at the time.' (*In re Marriage of Melton* (1994) 28 Cal.App.4th 931, 937–938.)" (*Gibble, supra*, 67 Cal.App.4th at p. 315.)

"In conjunction with his or her showing of 'extrinsic fraud,' a party seeking equitable relief from a default judgment must satisfy three elements: 'First, the defaulted party must demonstrate that it has a meritorious case. Secondly, the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action. Lastly, the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered.' (*Stiles v. Wallis* [(1983)] 147 Cal.App.3d [1143,] 1147–1148 [extrinsic mistake case]; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982 [extrinsic mistake case, quoting *Stiles* test with approval]; *In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1071 [applying *Stiles* factors in extrinsic fraud case].)" (*Gibble, supra,* 67 Cal.App.4th at p. 315.)

"We review an order denying equitable relief for an abuse of discretion. (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230.) 'In doing so, we determine whether the trial court's factual findings are supported by substantial evidence [citation] and independently review its statutory interpretations and legal conclusions [citations].' (*Ibid.*)" (*Hudson v. Foster* (2021) 68 Cal.App.5th 640, 661.)

In Haywood's motion to vacate the judgment, she did not articulate any excuse based on fraud by RTED that deprived her of the opportunity to present her claims in the action. In fact, she has not claimed that she failed to fully participate in the lower court proceeding due to any action by RTED. All of Haywood's allegations and evidence of fraud relate to alleged conduct underlying the claims in her complaint. Her allegations supporting causes of action for fraud or wrongful foreclosure in her complaint are distinct from allegations of fraud or mistake

6

necessary to support equitable relief from a judgment. The only excuses that Haywood offered for her delay in seeking relief from the entry of judgment against her were based on her own emotional distress and the interference the pandemic. These factors do not satisfy the need to show her delay was excused because fraud or mistake deprived her of a fair hearing below. The trial court properly concluded that there was no basis to provide equitable relief in this case.[1]

---

[1] Haywood's appellant's opening brief states that there is a second question on appeal, whether the trial court gave her an opportunity to conduct discovery prior to dismissal of the action. Our ruling affirming the denial of the motion to vacate necessarily disposes of this contention; but even without that ruling, Haywood does not develop the argument with any supporting facts or law in her brief, and we deem it forfeited.

# DISPOSITION

The order denying the motion to vacate is affirmed. Respondent RTED America, LLC is awarded its costs on appeal. NOT TO BE PUBLISHED.

MOOR, J.

We concur:

RUBIN, P. J.

TAMZARIAN, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.